## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

DENNIS J. BOSSIE and DEBORAH J. BOSSIE,

Debtors.

Case No. A06-00432-DMD
Chapter 13

Filed On
12/13/06

## MEMORANDUM REGARDING CONFIRMATION

The debtors' chapter 13 plan came before the court for confirmation on December 5, 2006. The debtors proposed a five-year plan that would pay a dividend of approximately 30% to over $100,000.00 in unsecured claims. Their plan provides for monthly payments of $514.00 plus permanent fund dividends. The trustee recommended against confirmation. As an alternative, he proposed an increase in monthly payments to $1,051.82, plus PFDs over five years. His alternative would yield a dividend of nearly 57% to unsecured claims. Both the debtors' and the trustee's proposed monthly payments, however, are less than $1,349.70, which is the amount set forth on line 58 of the debtors' Form 22C.[1] The debtors contend that payments of this amount are not feasible. The debtors and the trustee have requested that the court address the issue of plan payments and projected disposable income in light of the new chapter 13 Code provisions enacted under BAPCPA.

Under the new confirmation provisions included in BAPCPA, when the trustee or the holder of an allowed unsecured claim objects to confirmation of a chapter 13 plan, and that plan does not provide for full payment of unsecured claims, it must provide that all of the debtor's "projected disposable income" will be applied to make payments to unsecured

---

[1] Official Form 22C, entitled "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income," is a new form required by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and must be prepared and filed by individual debtors in chapter 13 cases.

creditors.[2]  "Disposable income," defined in § 1325(b)(2), means "current monthly income"

less certain specified deductions.  "Current monthly income," in turn, is defined as the

debtor's average monthly income from all sources for the six month period immediately

preceding the filing of the petition.[3]  Form 22C was designed to assist in the computation of

a debtor's current monthly income and disposable income as defined under BAPCPA.  The

problem posed by this case, according to the parties, is that the debtors' current monthly

income, as calculated under these provisions and reflected on Form 22C, is not representative

of the debtors' actual income on an annual basis.  The debtors' income is higher in the

summer months than in the winter.  Thus, the current monthly income and disposable income

figures shown on Form 22C distort and overstate the debtors' ability to pay creditors.

A number of bankruptcy courts have faced similar situations.  The issue of how

to determine projected disposable income for plan confirmation purposes was addressed in

*In re Hardacre.*[4]  In that case, the court discussed the issue as follows:

> Section 1325(b)(1)(B)'s use of the phrase
> "projected disposable income" raises the question
> of whether the calculation of disposable income
> for plan purposes should be based upon the
> debtor's average income for the six months prior
> to bankruptcy, or the debtor's projected income
> based upon her financial circumstances on the
> "effective date of the plan."  In many cases, the
> answer will yield no difference; the debtor's
> projected income will be the same as her "current
> monthly income."  However, a strict application
> of section 101(10A)'s definition of "current
> monthly income" can have serious consequence in
> some cases.  For example, if "current monthly

---

[2]11 U.S.C. §1325(b)(2).

[3]11 U.S.C. §101(10A).

[4]338 B.R. 718 (Bankr. N.D. Tex. 2006).

income" as defined in section 101(10A) applies, a debtor who anticipates a significant enhancement of future income is provided strong incentive to file chapter 13 as soon as possible. The amount of money that she would be required to commit to the plan would be based upon her lower average income prior to filing. On the other hand, a debtor who finds herself in the unfortunate circumstance of having a lower income after filing her petition might find that she is unable to confirm a plan because she cannot devote to the plan a "projected disposable income" predicated upon her prepetition income.[5]

The court in *Hardacre* concluded that projected disposable income "must be based upon the debtor's anticipated income during the term of the plan, not merely an average of her prepetition income."[6] A majority of bankruptcy courts facing this issue have reached a similar conclusion.[7] I concur with the majority view. Here, the debtors' plan can be based on their anticipated, or projected, income during the term of the plan. The figure stated on Line 58 of Form 22C is not the sole factor to be utilized in determining their projected disposable income.

In his recommendation concerning confirmation, the trustee suggests that the debtors' projected monthly disposable income should be determined by applying the figures

---

[5]*Id.* at 722.

[6]*Id.*

[7]*In re Casey*, __ B.R. __, 2006 WL 3071401 (Bankr. E.D. Wa. 2006); *In re Foster*, __ B.R. __, 2006 WL 2621080 (Bankr. N.D. Ind. 2006); *In re LaSota*, 351 B.R. 56 (Bankr. W.D.N.Y. 2006); *In re Edmunds*, 350 B.R. 636 (Bankr. D. S.C. 2006); *In re Fuller*, 346 B.R. 472 (Bankr. S.D. Ill. 2006); *In re Demonica,* 345 B.R. 895 (Bankr. N.D. Ill. 2006); *In re Risher*, 344 B.R. 833 (Bankr. W.D. Ky. 2006); *In re Grady*, 343 B.R. 747 (Bankr. N.D. Ga. 2006); *In re Kibbe*, 342 B.R. 411 (Bankr. D. N.H. 2006); *In re Jass*, 340 B.R. 411 (Bankr. D. Utah 2006). *Contra*: *In re Alexander*, 344 B.R. 742 (Bankr. E.D.N.C. 2006); *In re Girodes*, 350 B.R. 31 (Bankr. M.D.N.C. 2006).

shown on their Schedules I and J to figure their reasonable expenses.  This approach might

be appropriate for below-median debtors.  However, for above-median debtors such as the

Bossies, BAPCPA forecloses this approach.  Section 1325(b)(3) mandates that an above-

median debtor's expenses be determined under certain IRS guidelines which have been

incorporated into the Code at § 707(b)(2).

The debtors' pending plan cannot be confirmed because, at this time, there is

insufficient evidence to calculate their anticipated or projected disposable income.  The

debtors must present specific evidence to show that the numbers reflected on Form 22C are

inaccurate projections of their future finances.[8]  A status conference will be set by the court

to discuss possible future proceedings in this matter, including an evidentiary hearing.

DATED:  December 12, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: J. Mitchell Joyner, Esq., for debtors
       Larry Compton, Trustee
       U. S. Trustee
       Case Manager
            12/13/06

---

[8] *Jass*, 340 B.R. at 419.

4